BEER, Judge.
This is an expropriation suit. Plaintiff-appellant is the State of Louisiana, Department of Highways, acting pursuant to Article VI, Section 19.1 of the Louisiana Constitution (1921) as amended, and LSA-R.S. 48:441 et seq., commonly referred to as the “quick taking statute.” The land actually taken is a 2.77 acre “strip” of a larger (approximately 50 acre) rectangular tract of land, owned by the defendant-appellees, Lawrence B. Bertheaud and Marquerite B. Cicero. The property is located in St. James and Ascension Parishes, fronting River Road below Donaldsonville. The Sunshine Bridge West Approach (State Project No. 426-02-01) set up the need for this expropriation and the Highway Department, on March 20, 1964, deposited the sum of $1,146.00 into the registry of the 23rd Judicial District Court and proceeded to make use of the “strip” noted above. This figure was determined by multiplying the acreage of the land taken (2.77) by the valuation of $400.00 per acre. The taking diagonally severed the property in two: one 9.67 acre section to the southwest of the highway and another 36.73 acre section to the northeast of the highway and fronting the River Road.
The landowners answered the expropriation pleadings, contending that the property was best suited as an industrial site and/or as a subdivision; that the value of the land, when put to its highest and most profitable use, was in excess of $3,500.00 per acre; and they further contended that the property has suffered consequential and severance damages as a result of being cut in two.
The only contested issues at the trial were the value of the land taken and the determination of consequential damages. The trial court concluded that defendants were entitled to judgment based upon their expert’s appraisal as to the value of the taken property and were also entitled to severance damages. Judgment with written reasons was entered in favor of the defendants and against the Highway Department, raising the $1,146.00 previously deposited to a total of $15,947.50 and, also, awarding expert fees of $1,000.00 each to defendants’ two experts. The Highway Department devolutively appeals.
Appellant assigns the following errors to the trial court’s decision and reasons:
1. The District Court erred in finding that the highest and best use of subject tract before the taking was industrial.
2. The District Court erred in finding that the value of the land before the taking was $1,150.00 per acre and in awarding $3,185.50 for the 2.77 acres taken.
3. The District Court erred in finding severance damages, using values for the remainders after the taking which were unsupported by any evidence whatsoever of market data, loss of economic rent, or of any other recognized method of determining the true value of said remainders after the taking.
4. The District Court erred in finding that the larger of the two remainders was reduced in value by $150.00 per acre.
5. The District Court erred in finding that the smaller of the two remain *691 ders suffered a change in highest and best use from industrial to agricultural, causing a damage figure of $750.00 per acre.
6. The District Court erred in its findings as to the size of each of the remainders.
The Highway Department employed Mr. Chester A. Driggers to investigate and analyze the subject property and to estimate its fair market value and severance damage (if any) to the remainder of the property. Mr. Driggers used a market value approach. Significantly, he determined that the “(h)ighest and best use, as a separate entity, is for one or more house sites and as a small farm.” However, he also observed that “the land could possibly be combined with other lands for industrial use,” but qualified this by noting that such industrial use would be limited by the size of the land and by the availability of various support services. Regarding the loss of access after the taking, Mr. Driggers observed that each of the remaining portions of the defendants’ lands will be enhanced by having access to the highway. Mr. Driggers estimated the market value of the property taken at approximately $800.00 per acre. This estimate was apparently based on a consideration of prices paid for comparable tracts but reduced by twenty percent — apparently because of the smallness of the tract and the absence of railroad facilities.[1]
Mr. Driggers was of the view that no severance damages existed. He believed that the before value of the defendants’ entire tract of land was $40,000.00, whereas the remaining land, after the taking, was worth $41,645.00, since special benefits due to the accessibility of the highway were valued at a total of $3,865.00.
Mr. Kermit A. Williams testified on behalf of the land owners. He employed a market data approach by considering eight comparable sales. He testified that the highest and best use of the property was industrial because of its river frontage with a stable and deep water channel and also concluded that the presence of other industries in the vicinity would make the subject land attractive to a “satellite industry,” not necessarily requiring railroad access. He observed that there was a strong demand for industrial sites along the river.
Mr. Williams also discussed severance damages based upon:
1. Diminution of size and industrial utility;
2. Intrusion upon and interference with the industrial everyday life by having a highway nearby:
3. Irregular shape of remainders; and
4. Controlled and limited access to highway as well as from one remainder to the other.
Based on comparable sales of industrial property, Mr. Williams estimated the “before taking” value of the property expropriated to be $1,150.00 per acre or $3,192.00 based on 2.776 acres. He estimated the severance damages to the remainder to be $12,767.00 based upon a diminution in value of the larger tract at $150.00 per acre and of the smaller tract of $750.00 per acre.
Mr. John LeJeune also testified on behalf of the defendants. He was of the view that the highest and best use of the property would have been either as a small industry tract or for use by a petro-chemical industrial supplier. He observed that sale prices of property located along the Mississippi River had steadily increased from 1955 to 1965. Mr. LeJeune believed that the property had a sufficiently deep river depth along the line that fronted the river, observing that a 38-foot depth is all that is necessary for most ocean-going vessels.
Mr. LeJeune corroborated the opinion of Mr. Williams, using the same market data comparison approach and reached the same general conclusions regarding severance damages but assigned a value of $1,000.00 per acre to the tract instead of $1,150.00.
We are in accord with the approach used by the able trial judge in his deliberations with respect to damages and agree that the *692 ultímate determination should be based upon the following factors:
1. valuation of the land when put to its highest and best use;
2. severance damage (if any) to the large remaining tract;
3. severance damage (if any) to the small remaining tract.
In its deliberations, the court had, before it, evidence of several prior sales which might best be considered by viewing them in comparison with each other:

*693 While we believe that the trial court was correct in the classification assigned to the land for valuation purposes, we believe that the evidence as a whole is more supportive of a valuation of $1,000.00 per acre rather than $1,150.00. We do not agree with the further diminution of that figure by twenty percent as suggested by the state’s expert since we are of the view that the $1,000.00 per acre figure takes into account those deficiencies for which the state’s expert would have made a further reduction.
We are in accord with the trial court’s determination that the small remaining tract should be valued at $400.00 per acre and thus ascribe a damage per acre figure to that tract of $600.00.
Our painstaking review of the evidence convinces us that no appreciable damage has been occasioned to the larger tract. We are of the belief that the same general purpose use is available to those approximately 37 remaining acres as was available to the original approximately 50 acre tract.
Accordingly, the judgment of the 23rd Judicial District Court is amended as follows: the original award of $1,146.00 is increased to the total sum of $8,572.00, with legal interest from March 20, 1963 on the increase of $7,426.00.
In all other respects, the judgment is affirmed without change. Each party is to bear its own costs of appeal.

AMENDED AND AFFIRMED.

. Interestingly, the comparables that Mr. Drig-gers used in making his acreage valuation were industrial sites, notwithstanding his opinion of the highest and best use for the land.